IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLEVELAND E. JOHNSON                                                                              PLAINTIFF

VS.                                                                     CIVIL ACTION NO. 3:17-cv-856-DPJ-FKB

CHRISTOPHER EPPS and
SHANNON WARNOCK                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION

This § 1983 case[1] comes before the Court on Defendants' Motion for Summary Judgment [34], to which Plaintiff filed a response [37]. Plaintiff, Cleveland E. Johnson, is an inmate who was convicted of felony charges[2] in Mississippi state courts, but is currently serving his state sentences in the custody of the United States Bureau of Prisons. [1] at 2. Defendants are Christopher Epps, former Commissioner of the Mississippi Department of Corrections ("MDOC"), and Shannon Warnock, former Chairman of the Mississippi Parole Board.[3] *Id.* at 1.

Johnson asserts the following claims: (1) due process and equal protection claims in relation to the alleged "unlawful withholding of a Parole Hearing" and "improper computation" of his "parole eligibility," and (2) personal injury claims allegedly arising while in federal custody. *Id*. at 5. Johnson seeks injunctive relief of "ordering Defendants . . . to cease detaining

---

[1] This action has been construed as one brought pursuant to § 1983 because "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).
[2] According to Plaintiff's Complaint and the web site of the Mississippi Department of Corrections ("MDOC"), Plaintiff was originally sentenced on May 16, 2008, to twenty years in the custody of the MDOC for possession of cocaine with intent to distribute. [1] at 2; https://www.ms.gov/mdoc/inmate/Search/GetDetails/81790 (last visited Jan. 16, 2020). On January 20, 2010, he pleaded guilty to a charge of fondling and was sentenced to a term of five years, to run concurrently with his twenty-year drug sentence. [1] at 2. On January 29, 2010, he was sentenced to a term of four years for possession of contraband, to be served consecutively to his twenty-year drug sentence. *Id.* According to Plaintiff, he was transferred to federal custody in 2014. *Id.*
[3] Plaintiff has clarified that he is suing Epps only in his official capacity. [19] at 1. He has asserted claims against Warnock in both her official and individual capacities. [1] at 2.

[him] without Parole and to commence a Parole Hearing immediately[,]" as well as compensatory and punitive damages. *Id.* at 6. For the reasons discussed below, the undersigned recommends that Defendants' motion [34] be granted. [4]

## I.     LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's summary judgment burden is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

---

[4] The undersigned notes that it does not appear that Johnson exhausted the available administrative remedies on any of his claims. *See* [1] at 3-4; [1-1]; 42 U.S.C. § 1997e(a); *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012)(finding that exhaustion of administrative remedies prior to suit is mandatory in § 1983 prisoner cases). While Johnson submits a letter addressed to the current MDOC Commissioner as proof of exhaustion, he offers no documentation that the MDOC has rejected or otherwise responded to this alleged attempt to exhaust. Johnson also has not offered any proof that he attempted to exhaust these claims in state court. *See Lattimore v. Sparkman*, 858 So. 2d 936 (Miss. Ct. App. 2003)(finding that prisoner could challenge MDOC's calculation of parole eligibility date through administrative remedies by appealing adverse decision to circuit court or as original action for habeas relief in state circuit court). Although Defendants asserted the exhaustion requirement as an affirmative defense in their Answer, [23] at 4, they do not raise it in their summary judgment motion. The undersigned will, therefore, not make any recommendation of dismissal based on Johnson's apparent failure to exhaust his administrative remedies.

## II. DISCUSSION

### A. Due Process and Equal Protection Claims

In his Complaint, Johnson claims that since his transfer into federal custody, he has not received a parole hearing. [1] at 3. He also claims that the MDOC has "improperly computed" that he has "no parole eligibility." *Id*. at 3, 5. Johnson asserts that Defendants have thereby violated his due process and equal protection rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. *Id*. at 3-5; [37] at 2-3.

In support of their motion, Defendants submitted documents entitled, "Actions of the Parole Board," which show that Johnson has been receiving regular parole hearings since early 2017. *See* [34-1] (showing parole hearings for Johnson on February 16, 2017; June 7, 2017; October 2, 2017; April 4, 2018; October 9, 2018; and January 2, 2019). In response, Johnson states that "[t]he viewing of these documents as part of these proceedings was the first and only time [he] was ever made aware of any such alleged hearings." [37] at 1. He contends that the failure to provide him notice and the other information related to these hearings, such as the Mississippi Parole Board's actions and instructions to him, provide further support of his due process claims. *Id*. at 2-3.

The Fifth Circuit has held that the procedural guarantees of the Due Process Clause are implicated only when a state has a system of mandatory parole. *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309 (5th Cir. 2014). "Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Id*. at 312. And "when a prisoner 'has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions.'" *Id*. at 312-13 (quoting *Orellana v. Kyle*, 6 F.3d 29, 32 (5th Cir. 2005)). Therefore, Johnson has no cognizable due process claim in relation to his parole hearings

3

or eligibility, and the undersigned recommends that his due process claim be dismissed with prejudice.

To state an equal protection claim, the "plaintiff must either allege that (a) a state actor intentionally discriminated against [him] because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotation marks and citation omitted). Johnson has failed to identify a protected class of which he is a member or others similarly situated who have been treated differently. More fundamentally, Johnson has failed to present evidence of a factual basis for his claims. Contrary to Johnson's claim that he has not received a parole hearing, the unrebutted evidence shows that he has been afforded multiple parole hearings. Although Johnson alleges that the MDOC has determined that he has "no parole eligibility," the Parole Board records give a parole "eligibility date" for Johnson and show that the Board has been regularly considering him for parole. *See* [34-1]. Mere conclusory allegations are insufficient to state an equal protection claim. *See Clark v. Owens*, 371 Fed.Appx. 553, 554 (5th Cir. 2010) (dismissing prisoner's conclusory equal protection claim regarding parole); *Kyles v. Garrett*, 222 Fed.Appx. 427, 429 (5th Cir. 2007) (same). The undersigned recommends that Johnson's equal protection claims be dismissed with prejudice.

### B. Personal Injury Claims

Johnson contends that while in federal custody, he has suffered a right shoulder injury, an injury to both knees, and mental and emotional injuries, all "while awaiting a Parole Hearing by the State of Mississippi." [1] at 5. Other than to state that his injuries occurred while in federal

custody, he provides no specific facts as to when, where, or how the alleged injuries occurred or legal theories under which he seeks to hold Defendants liable.

Johnson is proceeding in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under that statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *James v. McDuffie*, 539 F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted). The undersigned finds that Johnson has failed to state a plausible personal injury claim against Defendants and, therefore, recommends that these claims be dismissed without prejudice.

### III.   CONCLUSION

For the reasons stated above, the undersigned recommends that Defendants' Motion for Summary Judgment [34] be granted. Specifically, the undersigned recommends that Johnson's due process and equal protection claims be dismissed with prejudice and that his personal injury claims be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of February, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

5