UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLEVELAND E. JOHNSON                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:17-CV-856-DPJ-FKB

CHRISTOPER EPPS AND                                                             DEFENDANTS
SHANNON WARNOCK

ORDER

Pro se prisoner Plaintiff Cleveland E. Johnson asserts equal-protection, due-process, and personal-injury claims against former Commissioner of the Mississippi Department of Corrections Christopher Epps and former Chairman of the Mississippi Parole Board Shannon Warnock in this § 1983 case. Defendants moved for summary judgment [34], and United States Magistrate Judge F. Keith Ball recommended [39] dismissal with prejudice of the constitutional claims and dismissal without prejudice of the personal-injury claim. Johnson, a state prisoner currently serving his prison sentence in the custody of the United States Bureau of Prisons, timely filed an objection [44] to Judge Ball's Report and Recommendation.

In his objection, Johnson does not address Judge Ball's recommendation that the personal-injury claim be dismissed without prejudice for failure to state a claim. The Court therefore adopts that portion of the R&R as unopposed.

Johnson's objection does discuss his constitutional claims, which state: "[t]he unlawful withholding of a Parole Hearing and the improper computation of no parole eligibility violates [his] rights . . . under the Fifth and Fourteenth Amendments of the United States Constitution." Compl. [1] ¶ 18. Specifically, Johnson says Mississippi law required that the state first consider

his eligibility for parole in 2013, and he appears to claim that he has yet to receive a parole hearing.[1] He asserts violations of his rights under the Due Process and Equal Protection Clauses.

Judge Ball correctly noted that, because "[p]arole . . . is discretionary in Mississippi, [Mississippi] prisoners . . . have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). And because Johnson has no liberty interest in obtaining parole, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.* at 312–13. "Whether or not [Johnson] is entitled to a parole hearing as a matter of Mississippi law, the discretionary nature of the state's parole system ends the federal due process inquiry." *Id.* at 313. Nothing in Johnson's objection changes the application of *Wansley* to Johnson's federal-due-process claim.

As for Johnson's equal-protection claim, Johnson neither identifies a protected class of which he is a member nor alleges that he has been treated differently than others who are similarly situated. *See Gibson v. Tex. Dep't of Ins. Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012). That failure is fatal to his claim.

For the foregoing reasons, the Court adopts the Report and Recommendation [39] in its entirety as the opinion of the Court. Defendants' Motion for Summary Judgment [34] is granted. The constitutional claims are dismissed with prejudice, and the personal-injury claim is dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants submitted evidence indicating that Johnson has had several parole hearings.